

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

# FELONY

BILL OF INFORMATION FOR VIOLATING
THE ACT TO PREVENT POLLUTION FROM SHIPS
AND OBSTRUCTION OF JUSTICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 22-00066 |
| v. | * | SECTION: SECT. GMAG. 4 |
| KIRILL KOMPANIETS | * | VIOLATIONS: 33 U.S.C. §§ 1908(a) |
| | | 18 U.S.C. § 1505 |
| | * | 18 U.S.C. § 2(b) |
| | | 33 C.F.R. § 151.10(b) |
| | * | |

\*   \*   \*

The United States Attorney charges that:

## COUNT 1
(Act to Prevent Pollution from Ships)

A. **AT ALL TIMES MATERIAL HEREIN**:

**The Defendant**

1.      Defendant **KIRILL KOMPANIETS (DEFENDANT or KOMPANIETS)** was a citizen of the Russian Federation and the Chief Engineer of the *M/V Gannet Bulker*, a Marshall Islands flagged bulk carrier that transported cargo internationally and into and out of the United States, including the port of New Orleans, Louisiana. **DEFENDANT** supervised the engine room

\_Fee\_\_\_USA_____
\_Process_____
X\_Dktd_____
\_\_CtRmDep_____
\_\_Doc.No._____

and all engine room operations and engine room personnel, including the Second Engineer, Third Engineer, Electrician, Fitter, and two Motormen. The crew carried out activities on the vessel to ensure the vessel was able to safely operate and carry cargo to various destinations. **DEFENDANT** was required to make accurate and appropriate entries in the Oil Record Book without delay. The Master of the ship, also known as the Captain, was in overall charge of the vessel and responsible for numerous documents, including maintaining the Oil Record Book, a required log regularly inspected by the U.S. Coast Guard.

## Legal Framework

### The Act to Prevent Pollution from Ships

2.  The United States is part of an international regime that regulates the discharge of oil from vessels at sea: the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 (together "MARPOL"). MARPOL is implemented in the United States by the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. §§ 1901 et seq. APPS made it a crime for any person to knowingly violate MARPOL, APPS, or the regulations promulgated under APPS. 33 U.S.C. § 1908(a).

3.  MARPOL Annex I ("Regulations for the Prevention of Pollution by Oil") established international standards governing the treatment and disposal of oily mixtures generated from the machinery spaces of a vessel. The United States has promulgated federal regulations pursuant to APPS and MARPOL Annex I. The regulations implementing APPS and MARPOL apply to foreign commercial registered vessels operating in the navigable waters of the United States or while in a port or terminal under the jurisdiction of the United States. 33 U.S.C. § 1902(a)(1)(3). The navigable waters includes the territorial sea of the United States as defined by

the Presidential Proclamation 5928 of December 27, 1988. 33 U.S.C. § 1901(7) which extend approximately twelve (12) nautical miles from land. 33 C.F.R. 2.22.

4. On vessels like the *M/V Gannet Bulker,* oily engine room waste, including oily mixtures, sludge, waste oil, and machinery space bilge water, is generated on a regular basis. Waste oil is the result of oil leaks from various machinery as well as from replacing lubrication oils in the machinery. Oily mixture means a mixture, in any form, with oil content. Machinery space bilge water refers to oil and water that drips and leaks from machinery and mechanical systems and accumulates in the bilge, which is the bottom-most portion of the engine room. Machinery space bilge water is also known as "oily bilge water" and "[a]ny liquid entering the bilge system including bilge wells, bilge piping, tank tops or bilge holding tanks is considered oily bilge water." 33 C.F.R. § 151.05.

5. Consistent with the requirements of MARPOL, APPS prohibits the discharge of oil or oily mixtures within 12 nautical miles of the nearest land unless certain conditions are met, including the ship has in operation oily-water separating equipment, a bilge monitor, bilge alarm or combination thereof as required by 33 C.F.R. Part 155 subpart B. 33 C.F.R. § 151.10(b)(4).

6. Additionally, and consistent with MARPOL, United States law requires that vessels such as the *M/V Gannet Bulker* must maintain a record known as an Oil Record Book ("ORB") in which the disposal, transfer, and discharge overboard of sludge, oil residue, oily mixtures, and machinery space bilge water must be recorded. 33 C.F.R. § 151.25(d). Discharges from the machinery spaces must be fully and accurately recorded in the ORB without delay by the person or persons in charge of the operations. 33 C.F.R. § 151.25(d) and (h). The ORB also must record any emergency, accidental, or other exceptional discharges of oil or oily mixtures, including a statement of the circumstances, and reasons for, the discharge. 33 C.F.R. § 151.25(g). The ORB

must be maintained aboard the vessel for not less than three years, and be readily available for inspection at all reasonable times. MARPOL Annex I, regulation 17(6); 33 C.F.R. § 151.25(i).

7. The U.S. Coast Guard, an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under 14 U.S.C. § 522(a) to board vessels and conduct inspections and investigations of potential violations and to determine compliance with MARPOL, APPS, and related regulations. In conducting inspections, U.S. Coast Guard personnel rely on the statements of the vessel's crew and documents, including statements and information contained in ORBs. The U.S. Coast Guard is specifically authorized to examine vessels, including the ORB, for compliance with MARPOL and APPS. 33 U.S.C. § 1907(d); 33 C.F.R. § 151.23(a)(3).

**B.    THE OFFENSE CONDUCT:**

Between on or about March 13, 2021, through and including on or about March 14, 2021, within the navigable waters of the United States and the Eastern District of Louisiana, and elsewhere, the defendant, **KIRILL KOMPANIETS**, did knowingly discharge and cause the discharge of oil and oily mixtures within the navigable waters of the United States from the *M/V Gannett Bulker* without the operation of oily-water separating equipment, oil content monitor and bilge alarm. Specifically, during the night of March 13, 2021, and continuing into the morning hours of March 14, 2021, **DEFENDANT** and a subordinate engineer deliberately discharged and caused the discharge of approximately 39 cubic meters of oil-contaminated bilge water overboard from the *M/V Gannett Bulker* when the ship was at anchorage and within the navigable waters and within 12 nautical miles of the nearest land, and without the operation of oily-water separating equipment, oil content monitor, and bilge alarm and without recording the discharge in the Oil Record Book.

All in violation of Title 33, United States Code, Section 1908(a); Title 18, United States Code, Section 2(b); and Title 33, Code of Federal Regulations, Section 151.10(b).

## COUNT 2
### (Obstruction of Agency Proceeding)

**A. AT ALL TIMES MATERIAL HEREIN:**

The allegations contained in paragraphs 1 through 7 of Count 1 are re-alleged and incorporated by reference as though fully set forth herein.

**B. THE OFFENSE CONDUCT:**

From on or about March 15, 2021, through and including March 18, 2021, within the navigable waters of the United States and the Eastern District of Louisiana, and elsewhere, the defendant, **KIRILL KOMPANIETS**, did corruptly influence, obstruct and impede and endeavored to influence, obstruct and impede the due and proper administration of the law under a pending proceeding by the U.S. Coast Guard, an agency within the Department of Homeland Security. Specifically, between on or about March 15, 2021 and March 18, 2021, during a U.S. Coast Guard inspection of the *M/V Gannet Bulker* to determine the vessel's compliance with MARPOL and U.S. law, the **DEFENDANT**:

1. made and caused the making of materially false and misleading statements to U.S. Coast Guard inspectors that concealed the cause and nature of a hazardous condition, including falsely stating that internal leakage into the bilges was approximately 2 cubic meters, concealing and failing to disclose that the engine room of the vessel had flooded with a much larger volume, and that the resulting oil-contaminated bilge water had been discharged overboard;

2. made and used and caused the making of a false and fictitious Oil Record Book that failed to record the overboard discharge in U.S. waters of approximately 39 cubic meters of oil-contaminated bilge water;

3. concealed and destroyed and caused the concealment and destruction of the engine room computer alarm printouts for the period of the illegal discharge (March 13-14, 2021);

4. suggested and directed subordinate crew members to minimize and falsely represent to the U.S. Coast Guard the extent of the internal spill;

5. directed subordinate engine room employees to delete all photographs and communications from their cell phones regarding the internal spill in anticipation that the phones would be seized by the U.S. Coast Guard;

6. prepared a misleading document accusing a subordinate employee aboard the vessel ("the whistleblower") of poor performance after learning that the whistleblower had reported illegal conduct to the U.S. Coast Guard.

In violation of Title 18, United States Code, Sections 1505 and 2(b).

TODD KIM
Assistant Attorney General
Environmental & Natural Resources Division
U.S. Department of Justice

_____
Richard A. Udell
Senior Litigation Counsel
Environmental Crimes Section
U.S. Department of Justice
150 M St., N.E./Room 4206
Washington, D.C. 20044
Telephone: (202) 305-0361
Email: richard.udell@usdoj.gov

DUANE A. EVANS
United States Attorney

_____
G. Dall Kammer (26948)
Assistant U.S Attorney
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone: (504) 680-3168
Email: dall.kammer@usdoj.gov

New Orleans, Louisiana
April 14, 2022

No. _____

# United States District Court
## FOR THE
EASTERN _____ DISTRICT OF _____ LOUISIANA

UNITED STATES OF AMERICA

vs.

KIRILL KOMPANIETS

BILL OF INFORMATION
FOR VIOLATING THE ACT TO PREVENT
POLLUTION FROM SHIPS
AND OBSTRUCTION OF JUSTICE

Violation(s): 33 U.S.C. §§ 1908(a)
18 U.S.C. § 1505
18 U.S.C. § 2(b)
33 C.F.R. § 151.10(b)

Filed _____, 20 22

By _____, Clerk.

_____, Deputy

_____
Assistant United States Attorney
G. Dall Kammer