

**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

G. Dall Kammer  
Chief, General Crimes

The Poydras Center  
650 Poydras Street, Suite 1600  
New Orleans, Louisiana 70130

Telephone: 504-680-3168

May 18, 2022

Honorable Nannette Jolivette Brown  
Chief Judge  
Eastern District of Louisiana  
500 Poydras Street  
New Orleans, Louisiana 70130

      Re:    *United States v. Kirill Kompaniets*  
              Criminal Docket No. 22-66

Dear Judge Brown:

      In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the U.S. Attorney's Office for the Eastern District of Louisiana and the Environmental Crimes Section of the U.S. Department of Justice (the "Government") hereby acknowledges the following agreement between the Government and Kirill Kompaniets, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Walter Becker, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

      The Government has agreed that as part of this Plea Agreement and solely because of the promises made by Defendant in this agreement, that should the Court accept the defendant's plea of guilty to Counts 1 and 2 of the Bill of Information, the Government will not criminally prosecute defendant in the Eastern District of Louisiana for any other criminal offenses arising from the conduct underlying this case that is known to the Government and occurring prior to the signing of this Plea Agreement onboard the *MV Gannett Bulker* during the timeframe set forth in the Bill of Information, as long as the defendant has truthfully informed law enforcement officials of the full and complete details of those crimes prior to his guilty plea in this case. Defendant understands and agrees that neither this paragraph nor this Plea Agreement limits the prosecuting authority of any other sections or divisions of the Department of Justice, including the U.S. Attorney of any other judicial district, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this Plea Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of Defendant to contract with or receive assistance, loans, and benefits from

AUSA  
Defendant  
Defense Counsel

United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. The defendant understands that this does not apply to crimes of violence that the defendant may have committed.

The defendant further understands that the maximum penalty defendant may receive should his plea of guilty be accepted is:

Count 1 (Act to Prevent Pollution from Ships – 33 U.S.C. § 1908(a) and 33 C.F.R. 151.10); 6 years' imprisonment and/or a fine of up to $250,000 or the greater of twice the gross gain to the defendant or twice the gross or loss to any person under Title 18, United States Code, Section 3571.

Count 2 (Obstruction of proceedings before departments, agencies, and committees – 18 U.S.C. § 1505): 5 years' imprisonment and/or a fine of up to $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties recommend the following Sentencing Guidelines calculations for Counts 1 and 2 provided that if the defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors:

| Count 1 | U.S.S.G. | Levels |
|---|---|---|
| Base Offense | 2Q1.3 | 6 |
| Specific Offense Characteristic - Discharge | 2Q1.3(b)(1)(B) | +4 |
| Role in the Offense | 3B1.1(b) | +2 |
| Obstruction of Justice | 3C1.1 | +2 |
| Acceptance of Responsibility | 3E1.1 | -2 |
| Total Offense Level | | 12 |

| Count 2 | | |
|---|---|---|
| Base Offense | 2J1.2 | 14 |
| Specific Offense Characteristic | 2J1.2(b)(3)(A), or 2J1.2(b)(3)(B) | +2 |
| Role in the Offense | 3B1.1(b) | +2 |
| Acceptance of Responsibility | 3E1.1 | -3 |
| Total Offense Level | | 15 |

Page **2** of **6**

AUSA
Defendant
Defense Counsel

Defendant's sentencing guidelines must be applied pursuant to Count 2 because that count results in a highest offense level. U.S.S.G. § 3D1.3(a). Accordingly, the parties agree that the applicable total offense level is 15. Defendant understands that sentencing judge alone will decide the applicable guideline calculation and what sentence to impose, and the failure of the Court to adhere to a sentencing recommendation tendered by the parties shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, any restitution is due and payable in full immediately upon entry of the judgment of conviction.

Further, the defendant understands that a mandatory special assessment fee of $100.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. The total special assessment of $200.00 must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to 3 years pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of *coram nobis* and *audita querela*. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

AUSA
Defendant
Defense Counsel

a. Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority

AUSA
Defendant
Defense Counsel

during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charges of conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within defendant's possession. It is also understood that defendant will provide any and all financial information and documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his/her conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

AUSA
Defendant
Defense Counsel

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represents defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

TODD KIM
Assistant Attorney General
Environmental & Natural Resources Division
U.S. Department of Justice

_/s/ Richard A. Udell_
Richard A Udell
Senior Litigation Counsel
Environmental Crimes Section
U.S. Department of Justice
150 M St., N.E./Room 4206
Washington, D.C. 20044
Telephone: (202) 305-0361
Email: richard.udell@usdoj.gov

DUANE A. EVANS
United States Attorney

_/s/_
G. Dall Kammer (26948)
Assistant U.S Attorney
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone: (504) 680-3168
Email: dall.kammer@usdoj.gov

_/s/ Walter Becker_  5/18/22
Walter Becker        Date
Attorney for Kirill Kompaniets

_/s/_  5/18/22
Kirill Kompaniets    Date
Defendant